**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin Figueroa Mejia, | No. CV-26-00487-PHX-DWL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosas, Jr., et al., | |
| Respondents. | |

In January 2026, Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241. (Doc. 1.) Petitioner alleged that he was ordered removed from the United States in May 2024 but also granted deferral of removal to his home country of Honduras; that he was subsequently released from immigration custody pursuant to an order of supervision ("OSUP"); that he was subsequently redetained in December 2025; and that ICE did not comply with the regulatory requirements set forth at 8 C.F.R. § 241.4 when redetaining him and purporting to revoke his OSUP. (*Id.*) In their response, Respondents conceded that they "do not oppose Petitioner's request for release at this time." (Doc. 8.) Accordingly, in a February 5, 2026 order, the Court granted the petition and ordered Respondents to "immediately release Petitioner from custody under the same conditions that existed before detention." (Doc. 9.) Respondents did so. (Doc. 11.)

More than three months later, on May 19, 2026, Petitioner filed a "motion to reopen and request for immediate relief." (Doc. 15.) Petitioner contends that after he was released from custody in February 2026, he returned to New York; that he was subsequently

"arrest[ed] for DUI"; and that on May 7, 2026, during a check-in appointment mandated by his OSUP, he was redetained.  (*Id.* ¶¶ 2-3.)  Petitioner asserts that his detention is unlawful because ICE once again failed to follow the procedures set forth at 8 C.F.R. § 241.4.  (*Id.* ¶ 5.)  Petitioner acknowledges that he is being detained in New York but contends that jurisdiction is proper in the District of Arizona because "the relief sought here is tied to the Arizona judgment previously entered by this Court."  (*Id.* ¶ 16.)

The Court respectfully disagrees that this action is the proper forum for seeking the relief that Petitioner now seeks.  The ordinary rule is that a habeas corpus petition must be filed in the venue where the detainee is being held—here, New York.  *Trump v. J. G. G.,* 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' jurisdiction lies in only one district: the district of confinement.  The detainees are confined in Texas, so venue is improper in the District of Columbia.") (cleaned up).  Additionally, even assuming that a motion to reopen "is a potentially permissible vehicle for seeking further relief in a habeas action when . . . the court previously issued an order requiring the provision of a bond hearing and the petitioner seeks to raise a challenge to the validity of the resulting hearing," *Mancia v. Bondi*, 2026 WL 1085090, *2 (D. Ariz. 2026), that is not the situation here.  The issue presented in Petitioner's January 2026 habeas petition was whether ICE complied with the applicable regulatory requirements when purporting to revoke his OSUP in December 2025.  In his pending motion, Petitioner now seeks to challenge a distinct purported revocation that occurred in May 2026, following a DUI arrest that had not occurred at the time of the earlier proceedings in this Court.  Even assuming for the sake of argument that the latest revocation was impermissible, a ruling to that effect would not call into question whether Respondents complied with this Court's February 5, 2026 order.  Thus, the proper way for Petitioner to seek relief is to file a new § 2241 action in the jurisdiction where he is being detained.

…

…

…

- 2 -

Accordingly,

**IT IS ORDERED** that Petitioner's "motion to reopen and request for immediate relief" (Doc. 15) is **denied**.  This case remains **closed**.

Dated this 4th day of June, 2026.

Dominic W. Lanza
United States District Judge